UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CITY OF VISTA, a chartered California municipality,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>GENERAL REINSURANCE CORPORATION,<br><br>　　　　　　　　　　Defendant. | Case No.: 17cv2384-WQH-BGS<br><br>**ORDER** |
| GENERAL REINSURANCE CORPORATION,<br><br>　　　　　　　　　　Counter Claimant,<br><br>v.<br><br>THE CITY OF VISTA, a chartered California municipality,<br><br>　　　　　　　　　　Counter Defendant. | |

HAYES, Judge:

　　The matter before the Court is the motion to remand filed by Plaintiff City of Vista. (ECF No. 7).

**I.　BACKGROUND**

On October 25, 2017, Plaintiff City of Vista ("Vista") filed a complaint in Superior Court of the State of California for the County of San Diego against General Reinsurance Corporation ("GRC"). (ECF No. 1-2). The complaint alleges that Vista is insured under an excess indemnity insurance policy (the "Policy") issued by GRC. *Id.* The complaint alleges, "Pursuant to its rights, duties, and obligations arising under law and the Policy, Vista is now entitled to indemnity from [GRC], and all other defendants, arising from a workers' compensation claim brought by Vista's employee, Frank Soper." *Id.* at 3.

The complaint alleges that Frank Soper, a Vista employee, brought a workers' compensation claim against Vista. The parties settled the underlying workers' compensation action. The complaint alleges that under the Policy, GRC is now required "to indemnify a settlement of Mr. Soper's permanent, total disability claim" and that GRC has "refused to participate financially any further than they had participated effective and up to October 20, 2015." *Id.* at 1–2.

Vista brings a single cause of action for declaratory relief pursuant to California Code of Civil Procedure section 1060 with a claim for immediate trial setting under California Code of Civil Procedure section 1062.3. Vista "seeks a binding declaration of its rights under the Policy, along with a binding declaration articulating Defendants' duties" and "a declaration from this court, that Defendants owe Vista a minimum of $1,030,000.00 (exact amount subject to proof at the time of trial) plus interest, plus fees, plus costs." *Id.* at 5. The complaint alleges that Vista is a municipality in San Diego "properly formed and existing under the laws of the State of California" and that GRC is "a corporation, organized and existing under the laws of the State of Delaware and is authorized to do business within the state of California." *Id.* at 3.

On November 27, 2017, GRC removed the action to this Court pursuant to 28 U.S.C. § 1441(a) on the grounds that this Court has diversity jurisdiction over this action under 28 U.S.C. § 1332(a)(1). (ECF No. 1 at 2–3). The notice of removal states that Vista is a municipality organized under California law and located in San Diego County and therefore is a citizen of California. (ECF No. 1 at 2). The notice of removal states that

GRC was incorporated in Delaware and has a principal place of business in Connecticut. *Id.* Further, the notice of removal states that the amount in controversy is $1,030,000 plus interest because Vista seeks a declaration and judgment that it is owed that sum from GRC. *Id.* at 3.

On December 14, 2017, GRC filed an answer and counterclaim. (ECF No. 5). GRC brings the following counterclaims: (1) declaratory relief cause of action seeking "a declaration that it is not obligated to indemnify Vista under the Policy for its claimed excess loss" and "a determination that it is entitled to reimbursement of loss and claim expense payments made to Vista in an amount according to proof."; (2) a cause of action for reimbursement and accounting, and offset; and (3) "breach of contract, including contractual breach of the implied covenant of good faith and fair dealing by Vista." *Id.* at 19–22.

On December 26, 2017, Vista filed a motion to remand to state court. (ECF Nos. 7, 8). On January 12, 2018, GRC filed a response in opposition. (ECF No. 13). On January 22, 2018, Vista filed a reply. (ECF No. 15).

## II. CONTENTIONS

Vista moves this Court for an Order remanding this action to state court on the grounds that the Court lacks subject matter jurisdiction. Vista contends that GRC has failed to establish that diversity jurisdiction is proper. Vista contends that the parties in this action are not diverse because GRC does business in California and is therefore a citizen of this state. Vista contends that GRC has a corporate nerve center in all states and that there is "no rational basis for diversity jurisdiction based on the location of certain officers and offices out-of-state, particularly where, as here, [GRC] clearly also conducts business in California." (ECF No. 7-1 at 5). Vista contends that GRC has waived its right to remove this action because it has "availed itself of a State of California judicial process already" by unsuccessfully seeking to intervene in the underlying workers' compensation matter before the California Workers' Compensation Appeal Board. *Id.* at 5–6. Further, Vista contends that "where the relief sought is equitable in nature, a removed matter can and

should be remanded." (ECF No. 7-1 at 2). Vista contends that "[i]nasmuch as [GRC's] potential counter-claim does not sound in legal damages, either, there is no premise for diversity jurisdiction." *Id.* at 4.

GRC contends that this action was properly removed because this Court has subject matter jurisdiction on diversity grounds. GRC asserts that it is a citizen of Delaware and Connecticut and that the amount in controversy exceeds $75,000. GRC contends that Vista's argument that diversity is destroyed because GRC does business in California and has a nerve center in all fifty states has no merit and is contradicted by Supreme Court precedent. GRC contends that the Court's exercise of jurisdiction is mandatory because this is "an action for common law damages" rather than declaratory relief. (ECF No. 13 at 8). GRC contends that the Court "must exercise jurisdiction" over its counterclaim for breach of contract and other damages in the amount of $691,511.71. GRC contends that Vista has failed to demonstrate that the Court could exercise its discretion to decline jurisdiction, even if this case was primarily for declaratory relief. GRC contends that it has not waived its right to litigate in federal court. GRC asserts that it filed only the notice of removal to this court in the state court action and that its unsuccessful petition to intervene in the underlying workers' compensation proceeding was not an attempt to litigate coverage issues.

### III. LEGAL STANDARD

"Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to federal court if the federal court would have original subject matter jurisdiction over the action." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009). Federal jurisdiction must exist at the time the complaint is filed and at the time removal is effected. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). A party can challenge removal based on lack of subject matter jurisdiction through a motion to remand. 28 U.S.C. § 1447. There is a "strong presumption against removal" such that the removing party "always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The removal statute is strictly

4

17cv2384-WQH-BGS

construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at 1244.

Under the federal diversity statute, district courts are authorized to exercise original jurisdiction in cases in which the amount in controversy exceeds the sum or value of $75,000.00 and the parties are citizens of different states. 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity, meaning every plaintiff must be diverse from every defendant. *Id.*; *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Pursuant to the statute, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c). The principal place of business refers to the location "where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81 (2010). This "nerve center" is typically located at a corporation's headquarters. *Id.*; *see also 3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018).

## IV. DISCUSSION

### A. Diversity Jurisdiction

GRC removed this case on the basis of diversity jurisdiction and stated in its notice of removal that it was a citizen of Delaware, where it was incorporated, and Connecticut, where its principal place of business is located. Vista challenges GRC's assertion of diversity jurisdiction and asserts that GRC is a citizen of California because it does business in all states and therefore has a nerve center in states. With respect to California, Vista asserts that GRC is licensed in California to sell insurance and has "purposely availed itself of the premium payment benefits of selling insurance in California." (ECF No. 7-1 at 4). However, in *Hertz Corp. v. Friend*, the United States Supreme Court stated that a corporation's principal place of business is a *single* place located where the corporation's officers, direct, control, and coordinate the corporation's activities. 559 U.S. at 95; *see also 3123 SMB LLC*, 880 F.3d at 469. Further, in adopting the "nerve center" test for determining the citizenship of corporations, the Supreme Court in *Hertz* rejected an

approach focused on the location of a corporation's business activities. *Hertz*, 559 U.S. at 95 ("By contrast, a corporation's general business activities more often lack a single principal place where they take place. . . . If so, it will not be as easy to determine which of these different business locales is the 'principal' or most important 'place.'"). Accordingly, Vista's argument fails because GRC cannot have a nerve center in all states and cannot be a citizen of a state solely because it conducts business activities in that state.

GRC is a citizen of the state in which it was incorporated and the state in which its principal place of business is located. *See* 28 U.S.C. § 1332(c). GRC provides a declaration by Lorraine Coccola, Assistant Vice President at GRC, stating

> Since at least 1998, GRC has been incorporated under the laws of the state of Delaware. Since 1984, GRC has had its principal place of business in Stamford, Connecticut. GRC's headquarters are located in Stamford and GRC's officers, directors, and executives direct, control, and coordinate the company's activities from Stamford.

(Coccola Decl., ECF No. 13-1 at 1–2). GRC has carried its burden to establish that its principal place of business is in Stamford, Connecticut where its headquarters are located and where GRC officers, "direct, control, and coordinate" GRC's activities. *See Hertz*, 559 U.S. at 93 ("In practice, the [principal place of business] should normally be the place where the corporation maintains its headquarters."). The record establishes that GRC is a citizen of Delaware and Connecticut. Because Vista is a citizen of California, GRC has satisfied its burden to demonstrate that there is complete diversity among the parties.

GRC must also establish that the amount in controversy is greater than $75,000. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). In this case, Vista alleges that GRC owes Vista "a minimum of $1,030,000.00" under the terms of an excess indemnity insurance policy and seeks a declaration and judgment to that effect. (ECF No. 1-2 at 5–6). The Court concludes that the amount in controversy is sufficient to confer diversity jurisdiction.

1  GRC has satisfied its burden to demonstrate that this case meets the complete diversity and amount in controversy requirements for the exercise of the district court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

### B. Exercise of Jurisdiction in a Declaratory Relief Action

Generally "[f]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 716 (1996). However "federal courts have the power to dismiss or remand cases based on abstention principles . . . where the relief being sought is equitable or otherwise discretionary." *Id.* at 716. "Under the Declaratory Judgment Act, a district court may decline to exercise jurisdiction over a declaratory action even though subject matter jurisdiction is otherwise proper." *Snodgrass v. Provident Life and Acc. Inc. Co.*, 147 F.3d 1163, 1166 (9th Cir. 1998). "[T]he decision whether to exercise jurisdiction over a declaratory action lies in the sound discretion of the district court." *Huth v. Hartford Ins. Co. of the Midwest*, 298 F.3d 800, 803 (9th Cir. 2002). "If . . . the court . . . is asked to decline to entertain [a declaratory relief action] by a party, then it must explain the basis for its decision on the record." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1221 (9th Cir. 1998).

When considering whether to exercise jurisdiction over a declaratory relief action and remand a case "[t]he district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory relief actions as a means of forum-shopping; and it should avoid duplicative litigation." *Id.* at 1225. "If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Id.* (citing *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991)).

"When other claims are joined with an action for declaratory relief (e.g., bad faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary relief), the district court should not as a general rule, remand or decline to entertain the claim for

declaratory relief." *Id.*; *Snodgrass*, 147 F.3d at 1167. "Claims that exist independent of the request for a declaration are not subject to the Declaratory Judgment Act's discretionary jurisdictional rule . . . . Remanding only the declaratory component of such an action will frequently produce piecemeal litigation." *Snodgrass*, 147 F.3d at 1167; *see also Dizol*, 133 F.3d at 1225–26 ("If a federal court is required to determine major issues of state law because of the existence of non-discretionary claims, the declaratory action should be retained to avoid piecemeal litigation.").

> The appropriate inquiry for a district court in a Declaratory Judgment Act case is to determine whether there are claims in the case that exist independent of any request for purely declaratory relief, that is, claims that would continue to exist if the request for a declaration simply dropped from the case.

*United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1112 (9th Cir. 2001). "[T]he district court should consider whether it has subject matter jurisdiction over the monetary claim alone, and if so, whether that claim must be joined with one for declaratory relief." *Id.* at 1113.

In *United National Insurance Company v. R&D Latex Corporation*, the Ninth Circuit Court of Appeals reversed a district court's order declining to exercise jurisdiction over a declaratory relief claim where subject matter jurisdiction was otherwise proper. In *United National Insurance*, plaintiff, a manufacturer and seller of glue, brought suit against one of its insurers seeking a declaration that it had a duty to defend and indemnify plaintiff in underlying litigation. *Id.* at 1108. The defendant insurance company removed the action to federal court on diversity grounds and shortly thereafter, filed a counterclaim seeking reimbursement for the money it had already spent defending plaintiff in the underlying litigation. *Id.* The district court determined that the "counterclaim did not provide an independent, nondiscretionary basis for jurisdiction but instead was entirely derivative of [plaintiff's] claim for declaratory relief." *Id.* at 1109. On appeal, the Court of Appeals determined that under state law, a request for reimbursement is not required to be joined with a claim for declaratory relief. The Court determined that the reimbursement

counterclaim was independent of the request for declaratory relief and that the district court abused its discretion in declining jurisdiction. *Id.* at 1113–15. Further, the Court stated, "[W]hile [plaintiff] artfully pleaded its state-court complaint as one for declaratory relief alone, one of its causes of action [was] not far removed from a claim for breach of contract." *Id.* at 1114. The Court concluded that this weighed in favor of accepting jurisdiction in the interest of discouraging litigants from forum-shopping. *Id.* at 1115.

In this case, Vista alleges a single claim for declaratory relief and seeks "a binding declaration of its rights under the Policy, along with a binding declaration articulating Defendants' duties" and "a declaration and judgment from this court, that Defendants owe Vista a minimum of $1,030,000.00 (exact amount subject to proof at the time of trial), plus interest plus fees, plus costs." (ECF No. 1-2 at 5). Accepting the claim as pleaded in the Complaint at this stage in the proceedings, Vista has filed an action for solely declaratory relief against GRC. However, GRC filed counterclaims soon after removing the action to this Court. The counterclaims are for (1) declaratory relief; (2) reimbursement and accounting and offset; and (3) breach of contract claim "including contractual breach of the implied covenant of good faith and fair dealing by Vista." (ECF No. 5 at 19–20). The Court's jurisdiction over the breach of contract counterclaim is not in dispute and diversity jurisdiction is proper. The Court concludes that the breach of contract counterclaim "exists independent of any request for purely declaratory relief." *United Nat'l*, 242 F.3d at 1112. Accordingly, the exercise of federal jurisdiction is mandatory in this case due to the existence of a monetary, independent counterclaim.

Further, the facts of this case would support the discretionary exercise of jurisdiction over the declaratory action. Based on the record before this Court, there are no current pending state actions related to this matter. *See Dizol*, 133 F.3d at 1225 ("If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court."). The underlying workers' compensation case involving Vista employee Frank Soper has settled and neither party has asserted that any other state action exists. *See*

Exhibit C to Treuer Decl., ECF No. 13-5. In addition, "there is no presumption of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Dizol*, 133 F.3d at 1225. Vista's declaratory relief action includes a request that the Court enter "a declaration from this court, that Defendants owe Vista a minimum of $1,030,000.00 (exact amount subject to proof at the time of trial) plus interest, plus fees, plus costs." (ECF No. 1-2 at 5).[1] The Court finds that this also weighs in favor of retaining jurisdiction. *See United Nat'l*, 242 F.3d at 1114 (stating that plaintiff's "artful pleading" of a declaratory relief action favored the retention of federal jurisdiction because "[f]orum shopping through the filing of declaratory judgment actions is no more appropriate when it favors state over federal jurisdiction than it is when it favors the reverse."); *Dizol*, 133 F.3d at 1225 ("district courts should discourage litigants from filing declaratory actions as a means of forum shopping"). The Court concludes that the exercise of jurisdiction is proper in this case.

### C. Waiver

"[A] defendant 'may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest [an] intent to have the matter adjudicated there, and to abandon his or her right to a federal forum.'" *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018) (citing *Resolution Tr. Corp. v, Bayside Developers*, 43 F.3d at 1240 (9th Cir. 1994)).

GRC took no action in this case in state court prior to removing it to this Court. In the mandatory settlement conference scheduled in the underlying workers compensation action before the Workers Compensation Appeals Board ("the Board"), GRC filed a Petition to Intervene in order to "protect against collusion between the City and Soper" and explicitly stated that it did "not ask the court to address its rights and obligations under the

---

[1] Vista states, "Of course, money may change hands at the conclusion of Vista's claim for indemnity under the indemnity insurance policy. However, the instant matter is grounded in equity, not law." (ECF No. 15 at 4).

insurance policy that it issued to the City." (Exhibit 1 to Todd Decl., ECF No. 8 at 26). GRC also specifically asserted that GRC was not subject to the jurisdiction of the Board. *Id.* at 8–9. In denying the Petition because "no finding or order by the Board would have any force or effect on GRC," the Administrative Law Judge stated, "This leaves GRC free to exercise its contractual rights in state or federal court." (Exhibit 2 to Todd Decl., ECF No. 8 at 373–74). GRC has not taken any action in state court manifesting its intent to have the matter adjudicated in that forum and has not waived its right to remove the instant action to this Court.

V. CONCLUSION

IT IS HEREBY ORDERED that the motion to remand filed by Plaintiff City of Vista is DENIED. (ECF No. 7).

Dated: April 5, 2018

*[signature]*
Hon. William Q. Hayes
United States District Court